Panagiota Betty Tufariello (PBT 3429)
INTELLECTULAW, THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, NY 11766
Telephone: (631) 476-8734
Facsimile: (631) 476-8737
Email: pbtufariello@intellectulaw.com

*Attorneys for Plaintiff* CHOPRA & NOCERINO, LLP.


**UNITED STATES DISTRICT COUNT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------
CHOPRA & NOCERINO, LLP.

     Plaintiff

        Civil Case No. 1:20-cv

        <u>**COMPLAINT**</u>
        <u>**DEMAND FOR JURY TRIAL**</u>

v.


ELEFTERAKIS, ELEFTERAKIS AND
PANEK, P.C.

       Defendant.
---------------------------------------------------------------


    NOW COMES Plaintiff, CHOPRA & NOCERINO, LLP ("CHOPRA & NOCERINO)

by and through its undersigned attorneys, INTELLECTULAW, The Law Offices of P.B.

Tufariello, P.C., on its behalf and for its Complaint against the above named Defendant

ELEFTERAKIS, ELEFTERAKIS AND PANEK, P.C.  ("ELEFTERAKIS and PANEK") and

alleges and avers as follows:

## NATURE OF THE ACTION

1. CHOPRA & NOCERINO brings this action for injunctive relief and damages to halt a false and deceptive bait-and-switch advertising scheme by Defendant, who unjustly seek to profit off of the goodwill and reputation of professionalism of the NYC-HURT brand and its associated trademarks.

2. Defendant secured a U.S. Registration for the vanity phone number NYC-HURT in connection with legal services without the authorization of CHOPRA & NOCERINO, whose use of its marks 855-NYC-HURT and NYC-HURT in interstate commerce predate Defendant's, by at least as early as 2011. For this reason, in addition to the present action, CHOPRA & NOCERINO are currently seeking the cancellation of Defendant's registration.

3. The key component of Defendant's bait-and-switch scheme is the phone number 866-NYC-HURT, which is advertised to consumers as a means of contact for the legal services of NYC-HURT. But when the consumer "takes the bait" and seeks an attorney by calling the number, they are directed to Defendant ELEFTERAKIS and PANEK rather than CHOPRA & NOCERINO.

4. The scheme intentionally exploits the reputation of NYC-HURT which has been established by CHOPRA & NOCERINO and employs a vanity phone number with only a 2 digit difference in the 800- toll-free area code to lure unsuspecting consumers away from CHOPRA & NOCERINO and to unjustly benefit Defendant ELEFTERAKIS and PANEK to the detriment of CHOPRA & NOCERINO.

5. CHOPRA & NOCERINO seeks an injunction halting Defendant ELEFTERAKIS and

   PANEK's wrongful conduct, as well as compensatory and punitive damages.

## **PARTIES**

6. Plaintiff, CHOPRA & NOCERINO, LLP, is a limited liability partnership duly organized

   and existing under the laws of the State of New York, having a regular and established

   place of business at 100 Quentin Roosevelt Blvd, Unit 107, Garden City, New York

   11530 ("Plaintiff" and/or "CHOPRA & NOCERINO").

7. Upon information and belief, Defendant ELEFTERAKIS, ELEFTERAKIS AND

   PANEK, P.C. ("ELEFTERAKIS and PANEK") is a professional corporation duly

   organized and existing under the laws of the State of New York, having a regular place of

   business at 80 Pine Street, 38th Floor, New York, New York 10005.

## **JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction of this action on the following basis:

   a. Under 28 U.S.C. § 1331 since this action arises under the Laws of the United

      States, i.e. the Lanham Act § 43(a), 15 U.S.C. § 1225 *et seq*.;

   b. Under 28 U.S.C. § 1338 since this action arises under the Trademark and Unfair

      Competition Laws of the United States, Lanham Act § 43(a), 15 U.S.C. §§ 1114,

      1125 *et seq*.;

    c.  Under 28 U.S.C. § 1121 since this action involves questions arising under the Trademark Laws of the United States, Lanham Act § 43(a), 15 U.S.C. §§ 1114, 1125 *et seq.*; and

    d.  Under 28 U.S.C. § 1367(a) since this action alleges state law violations that are part of the same case or controversy as those arising under the laws of the United States.

9. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) since a substantial portion of the harm sought to be avoided, and a substantial part of the events and omissions giving rise to the claims asserted herein, occurred in this district.

## FACTUAL BACKGROUND

### I.    *CHOPRA & NOCERINO's NYC-HURT trademarks.*

10. Since its inception in 2010, CHOPRA & NOCERINO, a law firm, provides legal services focused primarily on the area of personal injury law.

11. CHOPRA & NOCERINO represents clients who have incurred injuries through motor vehicle accidents, motorcycle accidents, car accidents, truck accidents, bicycle accidents, construction accidents, premises accidents, slip-and-falls, false arrests, wrongful deaths, burning accidents, medical malpractice, and police brutality.

12. CHOPRA & NOCERINO has developed a reputation for professionalism among personal injury law firms.

13. CHOPRA & NOCERINO's and their Principals' reputation and professionalism have won and/or have contributed towards many verdicts and settlements for their clients, including but not limited to:

    i. $10 Million – Verdict – A 77-year-old woman was driving through an intersection in Brooklyn when her vehicle struck a public bus. The elderly woman sustained leg and neck injuries. The verdict was reached in Kings County Supreme Court.

    ii. $3 Million – Settlement (New York Labor Law Section 240) – A male construction worker, age 42, fell off a ladder and injured his spine in Manhattan, New York. The injury required spinal surgery. Settlement was reached in Brooklyn just before trial.

    iii. $2.25 Million – Settlement – Awarded to a 57-year-old male who was knocked off his bicycle by an NYPD officer in Brooklyn. Because of the accident, the plaintiff required three surgeries. The settlement was reached after liability had been determined in Kings County Supreme Court.

    iv. $2 Million – Settlement – A 40-year-old female suffered a spinal injury sustained when her vehicle was struck in a Brooklyn intersection. Settlement was reached in King's County Supreme Court.

    v. $1.8 Million – Settlement – Awarded to a male who slipped on a wet floor on private property. The floor was just mopped and adequate signage was not visible to alert individuals of the slippery surface.

vi.   $1.45 Million – Settlement – Awarded to a 25-year-old woman who suffered neck injuries when a bathroom ceiling collapsed on her in Queens, NY. Settlement was reached in Kings County Supreme Court.

vii.  $1.44 Million – Settlement – Male, age 27, was injured when his vehicle was rear-ended by a commercial vehicle in Suffolk County, NY. Settlement was reached in Brooklyn, NY.

viii. $1.225 Million – Settlement – Awarded to a motorcyclist who was involved in an accident with a car. After the motorcyclist was ejected from his vehicle, he suffered a severe injury to his leg as it was run over by a bus.

ix.   $1.2 Million – Settlement – A 33-year-old male was driving through an intersection in Brooklyn when his vehicle was struck by a City of New York Department of Sanitation (DSNY) salt spreader. The plaintiff suffered severe injuries. Allegations of intoxication of the injured male were unfounded and the case settled after deposition of a non-party witness (police detective).

x.    $1.2 Million – Settlement – Female, age 43, tripped while exiting a Staten Island bar and sustained neck and back injuries. Settlement reached after liability verdict in favor of the plaintiff in Richmond County Court.

xi.   $1.12 Million – Verdict – A 33-year-old male was making a left turn in Queens when his vehicle was struck, and he sustained neck and back injuries. Verdict was reached in Queens Supreme Court.

xii. $1.05 Million – Settlement – Female, age 29, fell down a flight of stairs that were not properly maintained in Brooklyn and suffered neck injuries that required surgery. Settlement was reached on the eve of trial in Kings County, NY.

xiii. $1.05 Million – Settlement – Awarded to a 47-year-old woman who was injured when the vehicle she was a passenger in crashed into a stationary container in Brooklyn.

xiv. $825,000 – Settlement – Male, age 33, was injured when his vehicle struck a tree in Queens, NY. Improper repair work to his vehicle caused the tire to come off the car which caused the accident. Settlement was reached during trial in Queens County, NY

xv. $800,000 – Settlement – Awarded to a 26-year-old woman who was injured when bathroom ceiling collapsed in her Brooklyn rental apartment.

xvi. $750,000 – Settlement – Awarded to a male, age 57, who suffered back injuries that required surgery when his vehicle was rear-ended in Brooklyn, NY.

xvii. $750,000 – Settlement – Awarded to a 52-year-old female who fell down a flight of stairs leading to the basement of a two-story rental home in Brooklyn, NY. Settlement was reached at the end of trial on the day of closing arguments in Kings County Supreme Court.

xviii. $725,000 – Settlement – Awarded to a 71-year-old female who injured her hip when she tripped and fell on a New York City sidewalk in Queens.

The case was tried, appealed, and settled during the second trial in Queens, NY.

xix. $700,000 – Settlement – A 52-year-old male was struck by a commercial vehicle as he was walking in Brooklyn, NY. The plaintiff suffered injuries to his left leg, left arm, and right elbow.

xx. $600,000 – Settlement – Awarded to a 31-year-old male who was rear-ended while working in Nassau County. The case settled for $100,000 from the vehicle that rear-ended him and $500,000 was recovered from the plaintiff's employer's SUM (Supplementary Uninsured/Underinsured Motorist) policy.

xxi. $590,000 – Settlement – Female, age 35, injured her spine during a car accident in Nassau County. The victim had pre-existing spinal injuries but it was determined the car accident aggravated her condition. The settlement was reached after a liability verdict in favor of the plaintiff in Nassau County Supreme Court.

xxii. $550,000 – Settlement – Awarded to a 49-year-old female electrician who fell off scaffolding in Manhattan, NY, and sustained injuries to her right shoulder and neck. The case was previously dropped by another law firm.

xxiii. $400,000 – Settlement – Awarded to a 22-year-old female whose vehicle struck an uncovered storm drain on a Bronx highway, which caused her to crash into the highway barrier wall. She suffered an ankle injury that required surgery. Settlement was received from the City of New York.

xxiv.   $344,000 – Verdict – An 11-year-old boy was injured (non-displaced fractured wrist that did not require surgery) during a school trip to a Bronx park when he tripped and fell on a tree root. The verdict was won against the New York City Department of Education, for negligent supervision of the adolescent, and the New York City Department of Parks & Recreation, for negligent maintenance of the park.

14. CHOPRA & NOCERINO provides its legal services under various service marks and service names including but not limited to CHOPRA & NOCERINO,

 , 855-NYC-HURT and NYC-HURT.

15. 855-NYC-HURT and NYC-HURT are phone words, i.e., a vanity telephone number that CHOPRA & NOCERINO has adopted as service marks to symbolize its CHOPRA & NOCERINO legal services brand.

16. Since at least as early as 2010 in commerce, and as early as 2011 in interstate commerce, CHOPRA & NOCERINO has used 855-NYC-HURT and NYC-HURT extensively to identify its legal services, its offices, and its website. Among other uses, CHOPRA & NOCERINO has used 855-NYC-HURT and NYC-HURT as a service mark on its website www.chopranocerino.com , radio advertisements, newspaper advertisements, internet advertisements, journal advertisements and giveaways. Examples of such uses are shown below:





17. CHOPRA & NOCERINO has invested a lot in its promotion of the services offered in connection with 855-NYC-HURT and NYC-HURT.

18. As a result of the CHOPRA & NOCERINO's use and promotion, the service marks 855-NYC-HURT and NYC-HURT have come to embody substantial goodwill associated with CHOPRA & NOCERINO, and consumers immediately identify the 855-NYC-HURT and NYC-HURT marks with CHOPRA & NOCERINO.

19. In addition to the common law rights CHOPRA & NOCERINO has developed through extensive use of the  855-NYC-HURT and NYC-HURT marks, CHOPRA & NOCERINO is the owner of all rights, title, and interest in U.S. Trademark Application Serial No. 90/114,964 for the mark 855-NYC-HURT (the "Trademark") for LEGAL SERVICES, use in International Class 045; and U.S. Trademark Application Serial No. 90/115,010 for the Trademark NYC-HURT (the "Trademark") for LEGAL SERVICES, use in International Class 045.

## II. Defendant's Acts

20. Notwithstanding CHOPRA & NOCERINO's prior rights in the 855-NYC-HURT and NYC-HURT, on November 19, 2019, Defendant improperly secured U.S. Registration No. 5,914,394 for the mark NYC-HURT in connection with legal services in International Class 045.

21. CHOPRA & NOCERINO began using its 855-NYC-HURT and NYC-HURT marks in interstate commerce at least as early as 2011, well before Defendant's claimed first-use-date.

22. On July 17, 2017, Defendant began using Plaintiff CHOPRA & NOCERINO's NYC-HURT trademark improperly and without their authorization.

23.  On May 7, 2019, Defendant applied with the U.S. Patent & Trademark Office to improperly and without Plaintiff CHOPRA & NOCERINO's authorization, secure a Trademark Registration of NYC-HURT in Defendant's name.

24. In their Application for Registration of the mark NYC-HURT, Defendant declared to the Trademark Office that they are the owner of NYC-HURT.

25. Defendant's declaration that they are the owner of NYC-HURT was intentionally false.

26. Defendant and Plaintiff CHOPRA & NOCERINO are direct competitors. They provide the same legal services. They both solicit the same clients using the same routes of trade. They frequent the same courts.

27. Certain of Defendant's principals have had personal relationships with certain of CHOPRA & NOCERINO's principals.

28. Defendant had knowledge of CHOPRA & NOCERINO's prior use of NYC-HURT in connection with their services.

29. CHOPRA & NOCERINO has prior rights to the service marks 855-NYC-HURT and NYC-HURT; rights that precede Defendant's rights to its NYC-HURT mark, as embodied by U.S. Registration 5,914,394.

30. Despite that knowledge, Defendant intentionally and falsely declared to the U.S. Trademark Office, under the penalty of perjury, that they are the owner of the service mark sought to be registered.

31. Defendant's knowing, intentional, and false declarations to the U.S. Trademark Office, under the penalty of perjury, constitute Fraud on the U.S.Trademark Office.

32. Defendant's NYC-HURT mark is identical in sight, sound, and commercial impression to CHOPRA & NOCERINO's service marks 855-NYC-HURT and NYC-HURT.

33. The goods identified in the Registration are legal services. They are identical to, overlap with, or are highly related to the services with which CHOPRA & NOCERINO has used and continues to use its service marks 855-NYC-HURT and NYC-HURT.

34. Defendant continues to use NYC-HURT.

35. Defendant's mark NYC-HURT, when used in connection with Defendant's services as identified in its Registration, so resembles CHOPRA & NOCERINO's previously used 855-NYC-HURT and NYC-HURT service marks – they are identical, as to be likely to cause confusion, to cause mistake, and/or to deceive members of the public concerning a sponsorship, or endorsement of, or an affiliation, connection, or association with, the source of goods and services sold under the 855-NYC-HURT and NYC-HURT  marks, in

violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), with consequent injury to CHOPRA & NOCERINO, the public, and the trade.

36. CHOPRA & NOCERINO  is being damaged by both Defendant's improper use and Registration of NYC-HURT, in that members of the purchasing public and/or the trade are likely to be confused or mistaken that Defendant's services offered under Defendant's Mark originate from CHOPRA & NOCERINO, or are from the same source as the services sold under CHOPRA & NOCERINO's previously used 855-NYC-HURT and NYC-HURT service marks, or that such services of Defendant are sponsored by, endorsed by, or affiliated with the source of services provided under CHOPRA & NOCERINO's previously used 855-NYC-HURT and NYC-HURT service marks. Such likelihood of confusion results in damage to the goodwill among purchasers and the trade that CHOPRA & NOCERINO's 855-NYC-HURT and NYC-HURT service marks symbolize.

37. The Registration is a source of damage and injury to CHOPRA & NOCERINO.

38. The continued Registration of Defendant's Mark will support and assist the Defendant in the confusing and misleading use of Defendant's Mark, and, also, will give color and exclusive statutory rights to Defendant in violation and derogation of CHOPRA & NOCERINO's prior and superior rights.

39.  If Respondent's U.S. Registration No. 5,914,394 is not canceled, Respondent shall obtain *prima facie* exclusive right to use Respondent's mark. Such continued registration will be a source of damage and injury to CHOPRA & NOCERINO.

## COUNT I

**Trademark Infringement and Unfair Competition
Under the Lanham Act Pursuant to 15 U.S.C. § 1114**

40. CHOPRA & NOCERINO CHOPRA & NOCERINO repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-23 of the Complaint as though more fully set forth herein.

41. Defendant's conduct, as described herein, including their current use of the mark NYC-HURT, constitutes trademark infringement and unfair competition because it is likely to cause confusion, mistake and deception as to the affiliation, connection and association between Defendant's services and Plaintiff CHOPRA & NOCERINO's services, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

42. As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff CHOPRA & NOCERINO irreparable harm and injury.

43. Defendant's act of infringement and unfair competition are knowing and willful.

44. Unless Defendant is enjoined from its wrongful conduct, Plaintiff CHOPRA & NOCERINO will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT II

**Federal Unfair Competition Pursuant to 15 U.S.C. §1125(a)
(False Designation of Origin)**

45. Plaintiff CHOPRA & NOCERINO repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-28 of the Complaint as though more fully set forth herein.

46. Defendant's conduct, as described herein, including its current use of the service mark NYC-HURT, constitutes federal unfair competition because it falsely designates the origin as to the affiliation, connection, and association between Defendant's services and Plaintiff CHOPRA & NOCERINO's services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff CHOPRA & NOCERINO irreparable harm and injury.

48. Defendant's acts of infringement and unfair competition are knowing and willful.

49. Unless Defendant is enjoined from its wrongful conduct, Plaintiff CHOPRA & NOCERINO will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT III

### Federal Unfair Competition Pursuant to 15 U.S.C. § 1125(a)
### (Confusion, Mistake and/or Deception)

50. Plaintiff CHOPRA & NOCERINO repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-33 of the Complaint as though fully set forth herein.

51. Defendant's conduct, as described herein, including its current use of the service mark NYC-HURT, constitutes federal unfair competition because it causes the likelihood of confusion, mistake and/or deception as to the affiliation, connection and association between Defendant's services and Plaintiff CHOPRA & NOCERINO's services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff CHOPRA & NOCERINO irreparable harm and injury.

53. Defendant's acts of infringement and unfair competition are knowing and willful.

54. Unless Defendant is enjoined from its wrongful conduct, Plaintiff CHOPRA & NOCERINO will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT IV

### Federal Trademark Dilution Pursuant to 15 U.S.C. § 1125(c)

55. Plaintiff CHOPRA & NOCERINO repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-38 of the Complaint as though fully set forth herein.

56. Defendant's conduct, as described herein, including its current use of the mark NYC-HURT, constitutes federal trademark dilution, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

57. As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff CHOPRA & NOCERINO irreparable harm and injury.

58. Defendant's acts of infringement and unfair competition are knowing and willful.

59. Unless Defendant is enjoined from its wrongful conduct, Plaintiff CHOPRA & NOCERINO will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT V

**Infringement Pursuant to New York State Common Law, New York State Trademark Law, and New York State Unfair Competition Laws**

60. Plaintiff CHOPRA & NOCERINO repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-43 of the Complaint as though fully set forth herein.

61. Defendant's conduct, as described herein, including its current use of the service mark NYC-HURT, constitutes infringement pursuant to New York State Common Law, New York State Trademark Law, and/or New York State Law of Unfair Competition as defined by and in contravention of New York Statutes and Case Law as to the affiliation, connection and association between Defendant's services and Plaintiff CHOPRA & NOCERINO's services, in violation of New York State Common Law, New York State Trademark Law, and/or New York State Law of Unfair Competition.

62. As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff CHOPRA & NOCERINO irreparable harm and injury.

63. Defendant's acts of infringement and unfair competition are knowing and willful.

64. Unless Defendant is enjoined from their wrongful conduct, Plaintiff CHOPRA & NOCERINO will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff CHOPRA & NOCERINO, LLP. prays and respectfully requests the following relief:

1. That Defendant, and all persons acting in concert or participating with it be preliminarily and permanently enjoined from:

   a.  using NYC-HURT, or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to the Trademark NYC-HURT;

   b.  otherwise infringing Plaintiff's Service marks 855-NYC-HURT and NYC-HURT;

   c.  engaging in false designations of origin, false description, false advertising, false representations, federal trademark dilution, or otherwise engaging in unfair business or deceptive trade practices or competing unfairly with Plaintiff;

   d.  any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or association of Defendant's services with the Plaintiff CHOPRA & NOCERINO.

2. That Defendant be ordered to pay the Plaintiff CHOPRA & NOCERINO all damages suffered by reason of Defendant's trademark infringement, trademark dilution, and unfair competition as set forth in these claims (15 U.S.C. §§ 1117(a) and 1125(c)(2)).

3. That Defendant be ordered to pay Plaintiff punitive or exemplary damages as provided by law.

4. That Defendant be required to file with this Court and serve on the undersigned counsel for the Plaintiff within thirty (30) days after the entry of judgment a written report under

oath setting forth in detail how Defendants have complied with the injunction ordered by this Court. (15 U.S.C. § 1116).

5. That Defendant be ordered to pay the Plaintiff CHOPRA & NOCERINO the costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and 1125(c)(2).

6. That Plaintiff shall have such other relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(d) of the Federal Rules of Civil Procedure, Plaintiff CHOPRA & NOCERINO, LLP demands a trial by jury on all issues so triable by right.

Respectfully Submitted,

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Dated: 9/3/2020

By: _Panagiota Betty Tufariello_
Panagiota Betty Tufariello, Esq.
25 Little Harbor Road
Mt. Sinai, New York 11766
Tel.:   (631) 476-8734
Fax:   (631) 476-8737
Email: pbtufariello@intellectulaw.com